Michael W. Shore (*pro hac vice* to be filed)
Joseph F. DePumpo (*pro hac vice* to be filed)
Glenn E. Janik (*pro hac vice* to be filed)
Justin B. Kimble (*pro hac vice* to be filed)
SHORE CHAN BRAGALONE LLP
Bank of America Plaza
901 Main Street, Suite 3300
Dallas, Texas 75202
214-593-9110 Telephone
214-593-9111 Facsimile
shore@shorechan.com
jdepumpo@shorechan.com
gjanik@shorechan.com
jkimble@shorechan.com

RONALD OINES (SB No. 145016)
RUTAN & TUCKER LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: (714) 641-5100
Facsimile: (714) 546-9035
roines@rutan.com
Attorneys for Plaintiff
CALIFORNIA INSTITUTE OF TECHNOLOGY

FILED 2008 DEC 31 AM 11:05

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>*Plaintiff,*<br><br>VS.<br><br>CANON U.S.A., INC., CANON, INC., NIKON, INC., NIKON CORP., OLYMPUS AMERICA, INC., OLYMPUS CORP., PANASONIC CORP. OF NORTH AMERICA, PANASONIC CORP., SONY ELECTRONICS, INC., SONY CORP., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG ELECTRONICS CO., LTD.<br><br>*Defendants.* | CASE NO.: CV08-08637 MRP (VBKx)<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT** |

Plaintiff California Institute of Technology ("Plaintiff") brings this action for patent infringement against Canon U.S.A., Inc., Canon, Inc., Nikon, Inc., Nikon Corp., Olympus America, Inc., Olympus Corp., Panasonic Corp. of North America, Panasonic Corp., Sony Electronics, Inc., Sony Corp., Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd., (collectively, "Defendants") as follows:

## I.   JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. The Court's jurisdiction is proper under the above statutes, including 35 U.S.C. § 271 *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of California. Each Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, and sells its products in the United States, the State of California, and the Central District of California. Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Central District of California. These infringing products have been and continue to be purchased by consumers in the Central District of California. Each Defendant has committed the tort of patent infringement within the State of California and, more particularly, within the Central District of California.

3. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

## II. THE PARTIES

4. Plaintiff California Institute of Technology ("Caltech") is a private university having a principal address of 1200 East California Boulevard, Pasadena, California 91125.

5. Upon information and belief, Canon U.S.A., Inc. is, and at all relevant times mentioned herein was, a corporation organized under the laws of New York, having its principal place of business at One Canon Plaza, Lake Success, New York 11042-1113. Canon U.S.A., Inc. is authorized to do business in California and may be served by serving its registered agent, CT Corporation System, 818 West Seventh St., Los Angeles, CA 90017.

6. Upon information and belief, Canon, Inc. is, and at all relevant times mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at 30-2 Shimomaruko 3 Chome, OHTA-KU, Tokyo 146-8501, Japan. Upon information and belief, Canon, Inc. is a nonresident of California that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Canon, Inc. may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Canon U.S.A., Inc. and Canon, Inc. will be collectively referred to as "Canon."

7. Upon information and belief, Nikon, Inc. is, and at all relevant times mentioned herein was, a corporation organized under the laws of New York, having its principal place of business at 1300 Walt Whitman Rd., Melville, New York 11747-3064. Nikon, Inc. is authorized to do business in California and may be served by serving its registered agent, CT Corporation System, 818 West Seventh St., Los Angeles, CA 90017.

8. Upon information and belief, Nikon Corp. is, and at all relevant times mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at Fuji Bldg., 2-3, Manrunouchi 3-chome, Chiyoda-Ku, Tokyo Japan 100-8331. Upon information and belief, Nikon Corp. is a nonresident of California that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Nikon Corp. may be served with process in Japan pursuant to the Hague

Shore Chan Bragalone LLP
attorneys at law

Convention on the Service Abroad of Judicial and Extrajudicial Documents. Nikon, Inc. and Nikon Corp. will be collectively referred to as "Nikon."

9. Upon information and belief, Olympus America, Inc. is, and at all relevant times mention herein was, a corporation organized under the laws of New York, having its principal place of business at 3500 Corporation Parkway, P.O. Box 610, Center Valley, Pennsylvania 18034. Olympus America, Inc. is authorized to do business in California and may be served by serving its registered agent, Corporate Services Co. d/b/a CSC-Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Ste. 100, Sacramento, CA 95833.

10. Upon information and belief, Olympus Corp. is, and at all relevant times mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at Shinjuku Monolith, 2-3-1 Nishi-Shinjuku, Shinjuku-Ku, Tokyo 163-0914, Japan. Upon information and belief, Olympus Corp. is a nonresident of California that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Olympus Corp. may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Olympus America, Inc. and Olympus Corp. will be collectively referred to as "Olympus."

11. Upon information and belief, Panasonic Corp. of North America is, and at all relevant times mentioned here was, a corporation organized under the laws of Delaware, having its principal place of business at One Panasonic Way, 7I-1, Secaucus, New Jersey 07094. Panasonic Corp. of North America is authorized to do business in California and may be served by serving its registered agent, CT Corporation System, 818 West Seventh St., Los Angeles, CA 90017.

12. Upon information and belied, Panasonic Corp. is, and at all relevant time mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at 1006, Kadoma, Kadoma City, Osaka 571-8501,

Shore Chan Bragalone LLP
attorneys at law

Japan. Upon information and belief, Panasonic Corp. is a nonresident of California that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Panasonic Corp. may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Panasonic Corp. of North America and Panasonic Corp. will be collectively referred to as "Panasonic."

13. Upon information and belief, Sony Electronics, Inc. is, and at all relevant time mentioned herein was, a corporation organized under the laws of Delaware, having its principal place of business at 555 Madison Ave, 8th Floor, New York, New York 10022. Sony Electronics, Inc. is authorized to do business in California and may be served by serving its registered agent, Corporate Services Co. d/b/a CSC-Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Ste. 100, Sacramento, CA 95833.

14. Upon information and belief, Sony Corp. is, and at all relevant time mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at 7-1, Konan, 1-Chome, Minato-Ku, Tokyo Japan M0 108-0075. Upon information and belief, Sony Corp. is a nonresident of California that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Sony Corp. may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Sony Electronics, Inc. and Sony Corp. will be collectively referred to as "Sony."

15. Upon information and belief, Samsung Electronics America, Inc. is, and at all relevant time mentioned herein was, a corporation organized under the laws of New York, having its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung Electronics America, Inc. is authorized to do business in California and may be served by serving its registered

agent, CT Corporation System, 818 West Seventh St., Los Angeles, CA 90017.

16. Upon information and belief, Samsung Electronics Co., Ltd. is, and at all relevant time mentioned herein was, a corporation organized under the laws of Korea, having its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742 Korea. Upon information and belief, Samsung Electronics Co., Ltd. is a nonresident of California that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Samsung Electronics Co., Ltd may be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd will be collectively referred to as "Samsung."

### III. PATENTS-IN-SUIT

17. On November 23, 1999, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 5,990,506 entitled "Active Pixel Sensors with Substantially Planarized Color Filtering Elements" (hereinafter "the '506 patent"). A true and correct copy of the '506 patent is attached hereto as Exhibit A.

18. On September 24, 2002, the USPTO issued U.S. Patent No. 6,456,326 entitled "Single Chip Camera Having Double Sampling Operation" (hereinafter "the '326 patent"). A true and correct copy of the '326 patent is attached hereto as Exhibit B.

19. On April 15, 2003, the USPTO issued U.S. Patent No. 6,549,235 entitled "Single Substrate Camera Device with CMOS Image Sensor" (hereinafter "the '235 patent"). A true and correct copy of the '235 patent is attached hereto as Exhibit C.

20. On April 29, 2004, the USPTO issued U.S. Patent No. 6,555,842 entitled "Active Pixel Sensor with Intra-pixel Charge Transfer" (hereinafter "the '842 patent"). A true and correct copy of the '842 patent is attached hereto as

Shore Chan Bragalone LLP
attorneys at law

Exhibit D.

21. On May 27, 2003, the USPTO issued U.S. Patent No. 6,570,617 entitled "CMOS Active Pixel Sensor Type Imaging System on a Chip" (hereinafter "the '617 patent"). A true and correct copy of the '617 patent is attached hereto as Exhibit E.

22. On June 1, 2004, the USPTO issued U.S. Patent No. 6,744,068 entitled "Active Pixel Sensor with Intra-pixel Charge Transfer" (hereinafter "the '068 patent"). A true and correct copy of the '068 patent is attached hereto as Exhibit F.

23. Collectively, the '506 patent, the '326 patent, the '235 patent, the '842 patent, the '617 patent, and the '068 patent are referred to as "the Caltech patents."

24. Caltech is the owner of all right, title, and interest in and to the Caltech patents by assignment, with full right to bring suit to enforce each of the patents, including the right to recover for past infringement damages.

## IV.   PATENT INFRINGEMENT

25. Caltech repeats and re-alleges the allegations in paragraphs 1-24 as though fully set forth herein.

26. The Caltech patents are valid and enforceable.

27. All requirements under 35 U.S.C. § 287 have been satisfied with respect to the Caltech patents.

28. Canon has been and is infringing the Caltech patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech patents, including but not limited to the products known as Canon EOS 50D, Canon EOS 40D, Canon EOS Digital Rebel XTI or 400D (E), Canon EOS Digital Rebel XT or 350D (E), Canon EOS 30D, Canon EOS 20D, Canon EOS 20Da, Canon EOS 10D, Canon EOS Digital Rebel or 300D (E), Canon EOS D60, Canon EOS-1D Mark III, Canon EOS-1D, Canon EOS-1D Mark II, Canon EOS 1D Mark II N, Canon EOS-1Ds, Canon EOS-1Ds Mark II, Canon EOS-1Ds Mark III, Canon EOS 5D, Canon

EOS 5D Mark II, Canon Vixia HF10, Canon Vixia HF100, Canon Vixia HV30, Canon Vixia HV20, Canon Vixia HV10, Canon Vixia HG10, and Canon Vixia HR10.

29. Canon has been and is continuing to induce infringement of the Caltech patents under 35 U.S.C. § 271(b) and contributes to the infringement of the Caltech patents under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, instrumentalities that fall within the scope of one or more claims of each of the Caltech patents. The infringing instrumentalities have no substantial non-infringing uses.

30. Canon had and continues to have actual knowledge of the Caltech patents and their coverage of Canon's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Canon's infringement of the Caltech patents was and continues to be willful.

31. Nikon has been and is infringing the Caltech patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech patents, including but not limited to the products known as Nikon D300, Nikon D3, Nikon D2Xs, Nikon D2X, and Nikon D700.

32. Nikon has been and is continuing to induce infringement of the Caltech patents under 35 U.S.C. § 271(b) and contributes to the infringement of the Caltech patents under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, instrumentalities that fall within the scope of one or more claims of each of the Caltech patents. The infringing instrumentalities have no substantial non-infringing uses.

33. Nikon had and continues to have actual knowledge of the Caltech patents and their coverage of Nikon's infringing instrumentalities, but has

nonetheless engaged in the infringing conduct. Nikon's infringement of the Caltech patents was and continues to be willful.

34. Olympus has been and is infringing the Caltech patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech patents, including but not limited to the products known as Olympus E-3, Olympus E-520, Olympus E-420, Olympus EVOLT E-510, Olympus EVOLT E-410 and Olympus EVOLT E-330.

35. Olympus has been and is continuing to induce infringement of the Caltech patents under 35 U.S.C. § 271(b) and contributes to the infringement of the Caltech patents under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, instrumentalities that fall within the scope of one or more claims of each of the Caltech patents. The infringing instrumentalities have no substantial non-infringing uses.

36. Olympus had and continues to have actual knowledge of the Caltech patents and their coverage of Olympus's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Olympus's infringement of the Caltech patents was and continues to be willful.

37. Panasonic has been and is infringing the Caltech patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech patents, including but not limited to the products known as Panasonic Lumix DMC-L10 and Panasonic Lumix DMC-L1.

38. Panasonic has been and is continuing to induce infringement of the Caltech patents under 35 U.S.C. § 271(b) and contributes to the infringement of the Caltech patents under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without

Shore Chan Bragalone LLP
attorneys at law

authority, instrumentalities that fall within the scope of one or more claims of each of the Caltech patents. The infringing instrumentalities have no substantial non-infringing uses.

39. Panasonic had and continues to have actual knowledge of the Caltech patents and their coverage of Panasonic's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Panasonic's infringement of the Caltech patents was and continues to be willful.

40. Sony has been and is infringing the Caltech patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech patents, including but not limited to the products known as Sony DSLR-A700, Sony DSC-R1, Sony HDR-HC7, Sony HDR-SR7E, Sony HDR-UX7, Sony HDR-UX7E, Sony HVR-HD1000U, Sony HDR-HC9, Sony HVR-Z7E, Sony HDR-HC5, Sony HDR-HC5E, Sony HDR-SR1, Sony HDR-SR5, Sony HDR-SR5E, Sony HDR-UX5, Sony HVR-A1U, Sony HDR-CX7, Sony HDR-SR7, Sony HDR-SR8, Sony HDR-CX12, Sony HDR-SR11, Sony, HDR-SR12, Sony V1U, Sony HDR-FX7, Sony HDR-FX7E, Sony HDR-SR10, Sony HDR-SR10D, Sony HDR-TG1, Sony HDR-UX10, and Sony HDR-UX20.

41. Sony has been and is continuing to induce infringement of the Caltech patents under 35 U.S.C. § 271(b) and contributes to the infringement of the Caltech patents under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, instrumentalities that fall within the scope of one or more claims of each of the Caltech patents. The infringing instrumentalities have no substantial non-infringing uses.

42. Sony had and continues to have actual knowledge of the Caltech patents and their coverage of Sony's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Sony's infringement of the Caltech

Shore Chan Bragalone LLP
attorneys at law

patents was and continues to be willful.

43. Samsung has been and is infringing the Caltech patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech patents, including but not limited to the products known as Samsung GX-20, Samsung SC-HMX10C, and Samsung SC-HMX20C.

44. Samsung has been and is continuing to induce infringement of the Caltech patents under 35 U.S.C. § 271(b) and contributes to the infringement of the Caltech patents under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, instrumentalities that fall within the scope of one or more claims of each of the Caltech patents. The infringing instrumentalities have no substantial non-infringing uses.

45. Samsung had and continues to have actual knowledge of the Caltech patents and their coverage of Samsung's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Samsung's infringement of the Caltech patents was and continues to be willful.

46. As a direct and proximate result of Defendants' acts of patent infringement, Caltech has been and continues to be injured and has sustained and will continue to sustain substantial damages.

47. Unless Defendants are enjoined by this Court from continuing their infringement of the Caltech patents, Caltech will suffer additional irreparable harm and impairment of the value of its patent rights.

48. Caltech has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Caltech is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

//

## V. PRAYER FOR RELIEF

Caltech prays for the following relief:

A. A judgment that each Defendant has infringed the Caltech patents as alleged herein, directly and/or indirectly by way of inducing or contributing to infringement of the Caltech patents;

B. A judgment and order requiring each Defendant to pay Caltech damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

C. A judgment and order requiring each Defendant to pay Caltech pre-judgment and post-judgment interest on the damages awarded;

D. A judgment and order finding this to be an exceptional case and requiring each Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

E. A preliminary and thereafter a permanent injunction against each Defendant's direct infringement, active inducements of infringement, and/or contributory infringement of the Caltech patents, as well as against each Defendant's agents, employees, representatives, successors, and assigns, and those acting in privity or in concert with them; and

///
///
///
///
///
///
///
///

F.  Such other and further relief as the Court deems just and equitable.

## VI.  JURY DEMAND

Caltech hereby demands that all issues be determined by jury.

Dated:  December 31, 2008

RUTAN & TUCKER, LLP
RONALD P. OINES

SHORE CHAN BRAGALONE LLP
MICHAEL W. SHORE (*pro hac vice* to be filed)
JOSEPH F. DePUMPO (*pro hac vice* to be filed)
GLENN E. JANIK (*pro hac vice* to be filed)
JUSTIN B. KIMBLE (*pro hac vice* to be filed)

By: _____
Ronald P. Oines
Plaintiff, CALIFORNIA INSTITUTE OF TECHNOLOGY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| CALIFORNIA INSTITUTE OF TECHNOLOGY | CANON U.S.A., INC., CANON, INC., NIKON, INC., NIKON CORP., OLYMPUS AMERICA, INC., OLYMPUS CORP., PANASONIC CORP. OF NORTH AMERICA, PANASONIC CORP., SONY ELECTRONICS, INC., SONY CORP., SAMSUNG ELECTRONICS AMERICA, AND SAMSUNG ELECTRONICS CO., LTD. |

| Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michael W. Shore (pro hac vice to be filed), Joseph F. DePumpo (pro hac vice to be filed), Glenn E. Janick (pro hac vice to be filed), Justin B. Kimble (pro hac vice to be filed) SHORE CHAN BRAGALONE LLP, Bank of America Plaza 901 Main Street, Ste. 3300 Dallas Texas 75202, Telephone: 214-593-9110 SEE ADDITIONAL PAGE FOR CONTINUATION | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $** Subject to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Action under 35 U.S.C. Section 271 et seq. for infringement of U.S. Patents.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | | | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☒ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | | |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV08-08637 MRP (VBKx)**

CV-71 (05/08)          **CIVIL COVER SHEET**          American LegalNet, Inc. www.FormsWorkflow.com       Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Each Defendant resides in Los Angeles County pursuant to 28 U.S.C. Section 1391(c) | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date December 31, 2008
Ronald P. Oines

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

*California Institute of Technology v. Canon U.S.A., Inc., et al.*

<u>Additional Page to Civil Case Coversheet</u>

Ronald P. Oines SBN 145016, roines@rutan.com

RUTAN & TUCKER, LLP

611 Anton Boulevard, Fourteenth Floor

Costa Mesa, CA  92626

Telephone: 714-641-5100

Facsimile: 714-546-9035

ATTORNEYS FOR PLAINTIFF CALIFORNIA INSTITUTE OF TECHNOLOGY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

### 2:CV08- 8637 MRP (VBKx)

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Michael W. Shore (pro hac vice to be filed)
Joseph F. DePumpo (pro hac vice to be filed)
Glenn E. Janik (pro hac vice to be filed)
Justine B. Kimble (pro hac vice to be filed)
SHORE CHAN BRAGALONE LLP
Bank of America Plaza
901 Main Street, Ste. 3300
Dallas Texas 75202
(SEE ADDITIONAL PAGE FOR CONTINUATION)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA INSTITUTE OF TECHNOLOGY<br>PLAINTIFF(S)<br>V.<br>CANON U.S.A., INC., CANON, INC., NIKON, INC., NIKON CORP., OLYMPUS AMERICA, INC., OLYMPUS CORP., PANASONIC CORP. OF NORTH AMERICA, PANASONIC CORP., SONY ELECTRONICS, INC., SONY CORP., SAMSUNG ELECTRONICS AMERICA, AND SAMSUNG ELECTRONICS CO., LTD.<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV08-08637 MRP (VBKx)**<br><br>**SUMMONS** |

TO:DEFENDANT(S): CANON U.S.A., INC., CANON, INC., NIKON, INC., NIKON CORP., OLYMPUS AMERICA, INC., OLYMPUS CORP., PANASONIC CORP. OF NORTH AMERICA, PANASONIC CORP., SONY ELECTRONICS, INC., SONY CORP., SAMSUNG ELECTRONICS AMERICA, AND SAMSUNG ELECTRONICS CO., LTD.

   A lawsuit has been filed against you.

   Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Shore Chan Bragalone LLP and Rutan & Tucker, LLP, whose address is 901 Main Street, Ste. 3300, Dallas Texas 75202 and 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, CA 92626, respectively. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: DEC 31 2008

By: _____
         Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                SUMMONS

American LegalNet, Inc.
www.USCourtForms.com

| | |
|---|---|
| 1 | *California Institute of Technology v. Canon U.S.A., Inc., et al.* |
| 2 | <u>Additional Page to Summons</u> |
| 3 | Ronald P. Oines SBN 145016, roines@rutan.com |
| 4 | RUTAN & TUCKER, LLP |
| 5 | 611 Anton Boulevard, Fourteenth Floor |
| 6 | Costa Mesa, CA 92626 |
| 7 | Telephone: 714-641-5100 |
| 8 | Facsimile: 714-546-9035 |
| 9 | ATTORNEYS FOR PLAINTIFF CALIFORNIA INSTITUTE OF TECHNOLOGY |