Michael W. Shore (*pro hac vice*)
Joseph F. DePumpo (*pro hac vice*)
SHORE CHAN BRAGALONE LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
214-593-9110 Telephone
214-593-9111 Facsimile
shore@shorechan.com
jdepumpo@shorechan.com

Ronald Oines (SB NO. 145016)
RUTAN & TUCKER LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:  (714) 641-5100
Facsimile:   (714) 546-9035
roines@rutan.com

Additional Counsel Listed On Signature Page

Attorneys for Plaintiff
CALIFORNIA INSTITUTE OF TECHNOLOGY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| California Institute of Technology,<br><br>Plaintiff,<br><br>v.<br><br>Canon U.S.A., Inc. and Canon, Inc.,<br><br>Defendants. | CASE NO.  CV08-8637-MRP (VBKx)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS**<br><br>Honorable Mariana R. Pfaelzer<br>United States District Judge<br><br>Hearing Date:    November 16, 2009<br>Time:              10:00 a.m.<br>Location:        Courtroom 12 |

Shore Chan Bragalone,  LLP
*attorneys at law*

# **TABLE OF CONTENTS**

I.    INTRODUCTION.................................................................................1

II.   BACKGROUND..................................................................................2

III.  ARGUMENTS AND AUTHORITIES.................................................4

    A.    The *Wal-Mart* Standard ........................................................4

        1.  A Pleading of Inequitable Conduct Must Identify the Specific Who, What, Where, When, and How of the Alleged Material Misrepresentations and Omissions ................................................4

        2.  The Alleged Facts Must Give Rise to a Reasonable Inference of Scienter .................................................................................5

    B.    Canon's Inequitable Conduct Pleadings Do Not Pass Muster Under *Wal-Mart*.. .................................................................................6

        1.  Canon's Pleadings Fail to Adequately Identify the "Who" of the Material Omissions and Misrepresentations . ...................................7

        2.  Canon's Pleadings Fail to Either Adequately Identify the "What," "When," "Where," and "How" or Give Rise to a Reasonable Inference of Scienter .......................................................................8

            (a)  Alleged Failure to Cite Prior Art References...........................8

            (b)  Prior Litigation Involving the '126 Patent..............................14

            (c)  Alleged Affirmative Misrepresentations to the USPTO.........16
                (i)  The Sabrina Kemeny Declaration (the '515 Patent and the '232 Patent) ...................................................................16

                (ii)  Misleading Claim to Priority (the '126 Patent)...............18

                (iii)  Misleading Claim to Priority (the '506 Patent and the '483 Patent)...............................................................20

        3.  Infectious Unenforceability . .................................................21

    C.    Canon's Insufficiently Pled Affirmative Inequitable Conduct Defenses Must be Stricken ...............................................................23

    D.    Canon U.S.A., Inc.'s Insufficiently Pled Counterclaim Must be Dismissed . .........................................................................................24

1

IV.    CONCLUSION  ...........................................................................24

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Shore Chan Bragalone LLP
attorneys at law

# TABLE OF AUTHORITIES

## Cases

*Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)..........................................24

*Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 725 F.2d 1350, 1362 (Fed. Cir. 1984) ............................................................................13

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ...................................24

*Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.,* 267 F.3d 1370, 1382 (Fed. Cir. 2001) ........................................................................13, 18

*Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007)..................................................23

*Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312 (Fed. Cir. 2009)............................................... 1-8, 11-15, 18-21, 23-24

*FMC Corp. v. Manitowoc Co., Inc.,* 835 F.2d 1411, 1415 (Fed. Cir. 1987)..................................................................................6, 13

*Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC,* 350 F.3d 1327, 1344 (Fed. Cir. 2003) ....................................5, 20

*King Auto., Inc. v. Speedy Muffler King, Inc.,* 667 F.2d 1008, 1010 (C.C.P.A. 1981) ....................................................................................5

*Kelly v. Echols*, No. Civ-F-05-118, 2008 WL 619073, at *1-2 (E.D. Cal. Mar. 4, 2008) ..........................................................................23

*Larson Mfg. Co. v. Aluminart Prods. Ltd.,* 559 F.3d 1317, 1333 (Fed. Cir. 2009)..................................................................................18

*McGlinchy v. Shell Chemical Co.,* 845 F.2d 802, 810 (9th Cir. 1988) ...................24

*Ontiveros v. Zamora*, No.CIV. S-08-567 LKK/DAD, 2009 WL 425962, at *1 (E.D. Cal. Feb. 20, 2009) ............................................................24

*Regents of Univ. of Cal. v. Eli Lilly & Co.,* 119 F.3d 1559, 1570 (Fed. Cir. 1997)..................................................................................11, 15

*Signey-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)..................23

*Smith v. Wal-Mart Stores*, No. C 06-2069, 2006 WL 2711468, at *7 (N.D. Cal. Sept. 20, 2006) ..........................................................................23

## Statutes and Rules

37 C.F.R § 1.56............................................................. 6, 7, 11-12, 15, 18

FED.R.CIV.P. 9 ........................................................1, 6-8, 11-12, 20, 23-24

Shore Chan Bragalone LLP
*attorneys at law*

1

FED.R.CIV.P. 12 ........................................................................ 1-2, 23-24

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Shore Chan Bragalone LLP**
*attorneys at law*

1  Pursuant to Federal Rule of Civil Procedure 12(c), Plaintiff California
2  Institute of Technology ("Caltech") submits this Memorandum of Points and
3  Authorities In Support of Plaintiff's Motion to Strike and/or Dismiss Canon U.S.A,
4  Inc. and Canon, Inc.'s (collectively "Canon") Insufficiently Pled Inequitable
5  Conduct Defenses and Counterclaims, and would respectfully show as follows:

## I.    INTRODUCTION

7  Defendants Canon U.S.A., Inc. and Canon, Inc. have attempted to plead the
8  affirmative defense of inequitable conduct, and Canon U.S.A., Inc. has further
9  attempted to plead a counterclaim for declaratory judgment of unenforceability due
10 to inequitable conduct.  In all these pleadings, Canon claims that the purported
11 inequitable conduct renders the patents-at-issue, and certain related patents,
12 unenforceable.  Canon's allegations of inequitable conduct are wholly insufficient
13 because they fail to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading
14 standard as set forth by the Federal Circuit Court of Appeals in *Exergen Corp. v.*
15 *Wal-Mart Stores, Inc.,* 575 F.3d 1312 (Fed. Cir. 2009).

16 Canon's allegations reflect a myriad of factual deficiencies—each of which is
17 independently fatal to its pleadings.  Most egregious, Canon fails in any of its
18 allegations to name the specific individual who both knew of the material
19 information and deliberately withheld or misrepresented it.  All of Canon's
20 pleadings fail on this ground alone.  Even if Canon had properly identified a specific
21 person, Canon's allegations still fail because they do not assert facts from which it
22 reasonably can be inferred that the particular individual had the requisite knowledge
23 of the purported false or misleading information and the specific intent to deceive
24 the United States Patent and Trademark Office.  In all, Canon's allegations neither
25 identify the specific "who," "what," "when," "where," or "how" of the purported
26 material misrepresentations or omissions, nor give rise to a reasonable inference of
27 scienter.  Thus, none of Canon's allegations pass muster under *Wal-Mart.*

28

Shore Chan Bragalone LLP
*attorneys at law*

1

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

1    Even though it admits that it is fully cognizant of the Federal Circuit's newly

2  clarified standard in *Wal-Mart*, Canon asserts that its allegations actually ***meet*** the

3  *Wal-Mart* standard, and thus refuses to voluntarily amend its pleadings.[1] Canon also

4  contends, however, that it is excused from complying with the *Wal-Mart* standard

5  because *Wal-Mart* was decided after the pleadings had closed in this case.  To that

6  end, Canon erroneously claims that "the time to file any motion to dismiss or strike

7  has passed."  Canon is wrong on this account too.  By their plain terms, Rules 12(c)

8  and 12(h)(2) permit Caltech to move to strike Canon's inequitable conduct

9  affirmative defenses and counterclaim when, like here, the pleadings are closed.

10    Finally, Canon alleges that Caltech provided no substantive basis for its

11  contention that Canon's pleadings are deficient.  However, Caltech provided Canon

12  a detailed chart specifically detailing the deficiencies in Canon's pleadings, as well

13  as the case law supporting Caltech's positions.[2]  Despite having no valid basis for

14  doing so, Canon continues to refuse to voluntarily amend its pleadings.

15    Accordingly, Caltech respectfully requests the Court to:  (1) strike Canon's

16  insufficiently pled affirmative defenses of inequitable conduct, and (2) dismiss

17  Canon U.S.A., Inc.'s insufficiently pled counterclaim for declaratory judgment of

18  unenforceability due to inequitable conduct.

19                          **II.    BACKGROUND**

20    Canon attempts to plead the affirmative defense of inequitable conduct in its

21  answer.[3]  Canon, U.S.A., Inc. also attempts to plead a counterclaim for declaratory

22  judgment of unenforceability due to inequitable conduct.[4]  The answer and the

23  counterclaim both allege that:[5]

24

25  [1] Declaration of Joseph F. DePumpo ("DePumpo Decl.") ¶ 3 and Exhibit B at 2 (August 12, 2009, Letter); *see also id.* ¶ 2 and Exhibit A (August 11, 2009, Letter).
26  [2] *Id.*¶ 4 and Exhibit C (September 10, 2009, Letter & accompanying attachment).
27  [3] Dkt. No. 90, Answer at ¶¶ 57-111 ("Answer").
    [4] *Id.*, Counterclaims at ¶¶ 149-54 ("Counterclaim").
28  [5] For the Court's convenience, Caltech provides as Exhibit C, a chart depicting

Shore Chan Bragalone LLP
*attorneys at law*

2    PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

> All of the Patents-in-Suit are void and unenforceable because the named inventor(s), the prosecuting attorney(s), and/or other individual(s)[6] having a duty of candor and good faith dealing with the United States Patent and Trademark Office (the "USPTO") (collectively "Applicants") breached their duty in the prosecution of the applications that led to the issuance of the Patents-in-Suit by failing to properly disclose to the USPTO material information and by making false and misleading statements, with intent to deceive the USPTO, either: (1) directly in prosecuting the Patents-in-Suit; or (2) indirectly in prosecuting patents related to the Patents-in-Suit (the "Parent Patents"), through the doctrine of infectious unenforceability.[7]

The Patents-in-Suit consist of U.S. Patent Nos.: (1) 5,990,506 ("the '506 patent"); (2) 6,456,326 ("the '326 patent"); (3) 6,549,235 ("the '235 patent"); (4) 6,555,842 ("the '842 patent"); (5) 6,570,617 ("the '617 patent"); (6) 6,744,068 ("the '068 patent"); (7) 5,949,483 ("the '483 patent"); (8) 6,606,122 ("the '122 patent"); (9) 6,943,838 ("the '838 patent"); (10) 6,825,059 ("the '059 patent"); and (11) 7,369,166 ("the '166 patent").[8] The Parent Patents to which Canon refers consist of U.S. Patent No. 5,471,515 ("the '515 patent"), U.S. Patent No. 6,101,232 ("the '232 patent"), U.S. Patent No. 5,841,126 ("the '126 patent"), U.S. Patent No. 6,166,768 ("the '768 patent") and U.S. Patent No. 6,486,503 ("the '503 patent").[9]

Canon claims that some of the Patents-in-Suit are unenforceable under the doctrine of infectious unenforceability insofar as the Parent Patents are

---

Canon's inequitable conduct pleadings together with each pleading's deficiencies, as set forth in *Wal-Mart*. *See* DePumpo Decl. ¶ 4, Exhibit C (September 10, 2009, Letter & accompanying attachment).

[6] According to Defendants, the "prosecuting attorney(s) and/or other individual(s)" include patent attorneys Robert M. Wallace, Scott C. Harris, and, "upon information and belief," at least one or more Caltech employees. Answer at ¶ 58; Counterclaims at ¶ 150.

[7] *Id.* ¶ 57; Counterclaim at ¶ 149.

[8] *See* Dkt. No. 17 ¶¶ 17-27.

[9] Answer at ¶ 62; Counterclaim at ¶ 154.

1    unenforceable.    According to Canon, the "Applicants" committed inequitable

2    conduct by failing to cite prior art references and making material

3    misrepresentations to the Patent Office during prosecution of the Parent Patents with

4    the "intent to deceive."[10]

5        According to Canon U.S.A., Inc., each claim of the Patents-in-Suit should be

6    declared void and unenforceable because "one or more of the inventors and/or the

7    individuals associated with the filing and/or prosecution" of each of the Patents-in-

8    Suit "engaged in inequitable conduct during the prosecution of the application(s)

9    that matured into the Patents-in-Suit and/or during the prosecution of the respective

10   Parent Patents."[11]   Canon also alleges that the Patents-in-Suit are unenforceable due

11   to the Applicant's:  (1) failure to cite two prior litigations involving the '126 Parent

12   Patent;  (2) failure to cite "material" prior art references;  and (3) material

13   misrepresentations and false statements to the Patent Office.   Canon claims this

14   conduct was undertaken with "the intent to deceive."[12]

## III.    ARGUMENTS AND AUTHORITIES

16   **A.**    **The _Wal-Mart_ Standard.**

17       Allegations of inequitable conduct in patent cases are analyzed under Federal

18   Circuit law.[13]   In its recent _Wal-Mart_ decision, the Federal Circuit clarified the

19   specific requirements for pleading inequitable conduct in patent cases.[14]   That

20   standard is set forth below.

21       **1.**    **A Pleading of Inequitable Conduct Must Identify the Specific Who,**

22       **What, Where, When, and How of the Alleged Material**

23       **Misrepresentations and Omissions.**

24       Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with

---

[10] Answer at ¶ 89; Counterclaim at ¶ 181.
[11] Counterclaim at ¶¶ 204-215.
[12] Answer at ¶¶ 85, 89, 107; Counterclaim at ¶¶ 177, 181, 199.
[13] _Wal-Mart_, 575 F.3d at 1318.
[14] _See generally id._

Shore Chan Bragalone LLP
_attorneys at law_

**PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS**

particularity the circumstances constituting fraud or mistake."[15]    "[I]nequitable conduct, while a broader concept than fraud, [also] must be pled with particularity" under Rule 9(b).[16]    "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)."[17] Thus, when "[p]leading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."[18]

## 2. The Alleged Facts Must Give Rise to a Reasonable Inference of Scienter.

Although "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally,"[19] "a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO."[20]

Information is "material" if it is not cumulative and:

(1) It establishes, by itself or in combination with other information, a *prima facie* case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the applicant takes

---

[15] FED.R.CIV.P. 9(b).

[16] *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC,* 350 F.3d 1327, 1344 (Fed. Cir. 2003) (declining to infer facts to support a claim that must be pled with particularity.).

[17] *Wal-Mart,* 575 F.3d at 1326-27; *see also King Auto., Inc. v. Speedy Muffler King, Inc.,* 667 F.2d 1008, 1010 (C.C.P.A. 1981) ("Rule 9(b) requires that the pleadings contain explicit rather than implied expression of the circumstances constituting fraud.").

[18] *Wal-Mart,* 575 F.3d at 1327.

[19] FED.R.CIV.P. 9(b).

[20] *Wal-Mart,* 575 F.3d at 1328-29.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

1    in:

2        (i) Opposing an argument of unpatentability relied on by the

3        Office, or

4        (ii) Asserting an argument of patentability.[21]

5    Actual knowledge of the existence of the information alleged to be material is

6    required.[22] "Pleading on 'information and belief' is permitted under Rule 9(b) when

7    essential information lies uniquely within another party's control, but only if the

8    pleading sets forth the specific facts upon which the belief is reasonably based."[23]

9    "[O]ne of the purposes of Rule 9(b) is 'to protect those whose reputation would be

10   harmed as a result of being subject to fraud charges.'"[24]

11   **B.**    **Canon's Inequitable Conduct Pleadings Do Not Pass Muster Under**

12       ***Wal-Mart.***

13       As set forth below, each of Canon's factual allegations of inequitable conduct

14   is fatal under Rule 9(b) because Canon fails to identify the specific "who" of the

15   purported material misrepresentations or omissions committed before the Patent

16   Office.[25] Canon's pleadings are further insufficient because the allegations neither

17   identify the "what," "when," "where," and "how," of the material omissions and

18   misrepresentations nor give rise to a reasonable inference of scienter.[26] For these

19   reasons, Canon's pleadings cannot support a claim or defense of inequitable

20   conduct.[27]

21

22

---

23   [21] 37 C.F.R § 1.56(b)(1).
     [22] *See FMC Corp. v. Manitowoc Co., Inc.,* 835 F.2d 1411, 1415 (Fed. Cir. 1987)
24   (requiring actual knowledge of the existence of the *information* alleged to be
     material; discussing "should have known" standard in connection with the
25   information's *materiality* ).
     [23] *Wal-Mart*, 575 F.3d at 1330-31.
26   [24] *Id.* at 1329 n.6.
     [25] Id. at 1327.
27   [26] *Id.* at 1327-29.
     [27] FED.R.CIV.P. 9(b).

28

Shore Chan Bragalone LLP
*attorneys at law*
6
PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

1.    **Canon's Pleadings Fail to Adequately Identify the "Who" of the Material Omissions and Misrepresentation.**

In *Wal-Mart*, the Federal Circuit concluded that a pleading, which referred generally to "Exergen, its agents and/or attorneys," but failed "to name the specific individual associated with the filing or prosecution of the application issuing as the [patent at issue], who both knew of the material information and deliberately withheld or misrepresented it," was deficient under Rule 9(b) because the pleading failed to adequately identify the "who" of the material omissions.[28]

For each of the patents Canon claims are unenforceable due to inequitable conduct in its affirmative defense, Canon alleges only that the Patents-in-Suit and/or the Parent Patents are unenforceable because either the "Applicants," or the "named inventor(s), the prosecuting attorney(s), and/or the individual(s)":  (1) failed to cite the existence of prior litigation; (2) failed to cite material prior art; (3) improperly cited material prior art; and/or (4) made false and misleading statements to the Examiner.[29]    For its counterclaim, Canon U.S.A., Inc. merely states that each claim of each of the Patents-in-Suit should be declared void and unenforceable because "one or more of the inventors and/or the individuals associated with the filing and/or prosecution" of those patents "engaged in inequitable conduct during the prosecution of the application or the applications that matured into the Patent-in-Suit and/or during the prosecution of the respective Parent Patents."[30]

Similar to the pleadings that the Federal Circuit rejected as insufficient in *Wal-Mart*, however, none of these pleadings can support Canon's allegations of

---

[28] *See Wal-Mart*, 575 F.3d at 1329 (citing 37 C.F.R. § 1.56(a) ("Each *individual* associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [PTO] . . . ." (emphasis added))).
[29] *See* Answer  at ¶¶ 57, 71-74, 77, 81, 89-91; Counterclaim at ¶¶ 149, 163-66, 169, 173, 181-83.    According to Defendants, "Applicants" include "the named inventor(s), the prosecuting attorney(s), and/or other individual(s) having a duty of candor and good faith dealing with the [USPTO]."   *See* Answer at ¶ 57; Counterclaim at ¶ 149.
[30] *See* Counterclaim at ¶ 215.

Shore Chan Bragalone LLP
*attorneys at law*

7

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

inequitable conduct because Canon fails to name the ***specific individual*** associated with the filing or prosecution of the applications issuing as the Patents-in-Suit and/or the Parent Patents, who both (1) knew of the material information and (2) deliberately withheld or misrepresented it.[31]

The only time Canon suggests that a specific individual may have been involved in any inappropriate behavior is with respect to Sabrina Kemeny and the so-called "false and misleading" declaration that was executed during the prosecution of the '515 patent ("Kemeny Declaration").[32]  However, Canon does not state that the '515 patent is unenforceable due to Ms. Kemeny's inequitable conduct, but rather alleges that "Applicants committed inequitable conduct by submitting and relying upon the false and misleading Kemeny [Declaration]."[33]  Canon alleges that the '232 patent is unenforceable for the same reasons.[34]  In this regard, Canon fails to identify the specific individual who deliberately withheld or misrepresented any material information.

Thus, all of Canon's pleadings fail to identify the "who" of the alleged material misrepresentations and therefore do not meet Rule 9(b)'s heightened pleading standard as set forth in *Wal-Mart*.[35]  As a result, none of Canon's pleadings can support a claim or defense of inequitable conduct.  Notwithstanding this, each of Canon's pleadings is further deficient for the reasons set forth below.

> **2.  Canon's Pleadings Fail to Either Adequately Identify the "What," "When," "Where," and "How" or Give Rise to a Reasonable Inference of Scienter.**
>
> **a.  Alleged Failure to Cite Prior Art References.**

Canon specifies 16 publications that were authored by the named inventors of

---

[31] *See Wal-Mart*, 575 F.3d at 1329.
[32] *See* Answer at ¶¶ 63-74; Counterclaim at ¶¶ 155-66.
[33] *See* Answer at ¶ 72; Counterclaim at ¶ 164.
[34] *See* Answer at ¶ 74; Counterclaim at ¶ 166.
[35] *See* FED.R.CIV.P. 9(b); *see also Wal-Mart*, 575 F.3d at 1329.

Shore Chan Bragalone LLP
attorneys at law

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

1  the Patents-in-Suit, which, they assert, describe the "alleged inventions disclosed

2  and claimed by the Patents-in-Suit" ("Material Authored by the Inventors").[36]

3  Canon also refers to a number of publications authored by others, but cited by the

4  named inventors ("Material Cited by the Inventors").[37]   According to Canon, the

5  Material Authored by the Inventors describes the technology at issue in the Parent

6  Patents, and the Material Cited by the Inventors is "relevant to Applicants'

7  technology."[38]   Specifically, Canon claims that the '515 patent and the '232 patent

8  are unenforceable due to Applicants' failure to cite certain material "exemplary

9  references,"[39] and the '126 patent and the '503 patent are unenforceable because the

10  Applicants failed to cite at least each of the "exemplary prior art references"

11  disclosed in the Material Authored by the Inventors and the Material Cited by the

12  Inventors.[40]

13       Further, Canon generally claims that, in the applications leading to the

---

[36] The material in paragraph 87 of Defendants' Answer and paragraph 179 of Canon U.S.A.'s Counterclaims includes:  (1) the 1994 Mendis Article; (2) the Fossum Dinosaurs Article; (3) the Kemeny Focal-Plane Article; (4) the 1989 Fossum Architecture Article; (5) the 1991 Fossum Focal-Plane Image Processing Article; (6) the 1991 Fossum Future Directions Article; (7) the 1994 Eid Article; (8) the Fossum Ultra Low Power Article; (9) the Fossum Future NASA Missions Article; (10) the Mendis 1993 A-to-D Article; (11) the Fossum Camera on a Chip Article; (12) the 1994 International CMOS Camera Workshop; (13) the 1994 Gee Article; (14) the 1994 Fossum Development Article; (15) the 1995 Mendis Thesis; (16) the 1993 Mendis Article.  Answer at ¶ 87; Counterclaim at ¶ 179.

[37] The material in paragraph 88 of Defendants' Answer and paragraph 180 of Canon U.S.A.'s Counterclaims includes:  (1) the 1991 Yadid-Pecht Article; (2) the 1991 Hynecekk Article; (3) the 1991 Kyomasu Article; (4) the 1990 Ando Article; (5) the 1990 Chen Article; (6) ASIC Vision; and (7) the 1992 Forchheimer Article.  Answer at ¶ 88; Counterclaim at ¶ 180.

[38] Answer at ¶ 89; Counterclaim at ¶ 181.

[39] This material includes:  (1) the Kemeny Focal-Plane Article; (2) the 1991 Fossum Focal-Plane Image Processing Article; (3) the 1991 Fossum Future Directions Article; (4) the 1989 Fossum  Architecture Article; (5) the 1991 Yadid-Pecht Article; (6) the 1991 Hynecek Article; (7)  the 1991 Kyomasu Article; (8) the 1990 Andoh Article; (9) the 1990 Chen Article; (10) the ASIC Vision Article; (11) the 1992 Forcheimer Article; and (12) the Fossum Dinosaurs Article; Answer at ¶ 90; Counterclaims at ¶ 182.

[40] Answer at ¶ 91; Counterclaim at ¶ 183.

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

Patents-in-Suit, the "Applicants failed to disclose to the USPTO material references relevant to the prosecution with intent to deceive."[41]   Specifically, Canon asserts that the following Patents-in-Suit are unenforceable due to the failure of the "Applicants" to cite at least each of the "exemplary prior art references" disclosed in the Material Authored by the Inventors and the Material Cited by the Inventors:

- The '059 patent and the '838 patent.[42]
- The '122 patent (with the exception of the Fossum Camera on a Chip Article, which was cited).[43]
- The '506 patent and the '483 patent (with the exception of the 1994 Mendis Article, which was cited).[44]

Canon further asserts that, with respect to the applications leading to the '842 patent, the '068 patent, the '617 patent, the '326 patent, and the '235 patent, the "Applicants" committed inequitable conduct by (1) failing to cite five "exemplary references material to the patentability of these patents"[45] and (2) "burying certain [cited] references . . . among many other references which were not as material or relevant."[46]

In addition, the '842 patent is allegedly unenforceable because the "Applicants" failed to "properly" cite prior art references acknowledged by the Patent Office during prosecution of the '842 patent's immediate parent, the '232 patent.[47]   According to Canon, in a July 2, 1997, Office Action, the examiner cited

---

[41] Answer at ¶ 89; Counterclaim at ¶ 181.
[42] Answer at ¶ 91; Counterclaim at ¶ 183.
[43] Answer at ¶ 92; Counterclaim at ¶ 184.
[44] Answer at ¶ 93; Counterclaim at ¶ 185.
[45] The five articles include:  (1) the Kemeny Focal-Plane Article; (2) the 1991 Fossum Focal-Plane Image Processing Article; (3) the 1991 Fossum Future Directions Article; (4) the 1994 Eid Article; and (5) the Fossum Ultra Low Power Article.  Answer at ¶ 94; Counterclaim at ¶ 186.
[46] Answer at ¶ 95; Counterclaim at ¶ 187.
[47] Answer at ¶ 96; Counterclaim at ¶ 188.

Shore Chan Bragalone LLP
attorneys at law

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

nine references when rejecting claims of the '232 patent.[48]    The '232 patent references were included with the '842 patent application.[49]    However, after the examiner notified the "Applicants" that the list of references was not a "proper disclosure," the '232 patent references "were never resubmitted in a proper manner, and the examiner never considered them."[50]    From this, Canon alleges, "[o]n information and belief, that the Applicants intentionally withheld material references from the Examiner during the '842 patent prosecution."[51]    This makes no sense. The references were, in fact, provided to the Patent Office, and thus cannot possibly give rise to an allegation that they were withheld with an intent to deceive the Patent Office.

*All* of these allegations fail to meet Rule 9(b)'s heightened standard because, *inter alia*, Canon does not identify (1) which claims, and (2) which limitations in those claims, the withheld references are relevant to, and (3) where in those references the material information is found.[52]    In other words, Canon does not properly allege facts to support the "what" and the "where" of an inequitable conduct pleading.  Further, the pleadings fail to explain both "why" any purportedly withheld information is material and not cumulative, and "how" an examiner would have used this information during the prosecution of those patents.[53]

Canon's general assertions that the withheld references are "material, non-cumulative," and "relevant to Applicants' technology,"[54] also fail because those

[48] Answer at ¶ 97; Counterclaim at ¶ 189.
[49] Answer at ¶ 98; Counterclaim at ¶ 190.
[50] Answer at ¶ 98; Counterclaim at ¶ 190.
[51] Answer at ¶ 99; Counterclaim at ¶ 191.
[52] *See Wal-Mart*, 575 F.3d at 1329; *see also Regents of Univ. of Cal. v. Eli Lilly & Co.,* 119 F.3d 1559, 1570 (Fed. Cir. 1997) ("Information is material if a reasonable examiner would have considered it important to the patentability of a *claim.*" (emphasis added)); 37 C.F.R. § 1.56(a) ("The duty to disclose information exists with respect to each pending claim until the *claim* is cancelled or withdrawn from consideration, or the application becomes abandoned." (emphasis added)).
[53] *See Wal-Mart,* 575 F.3d at 1329-30.
[54] Answer at ¶¶ 86, 89; Counterclaim at ¶¶ 178, 181.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

pleadings do not identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record.  The Federal Circuit has made clear that "[s]uch allegations are necessary to explain both 'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims."[55]  For these reasons, Canon's conclusory assertions that some of the articles "describe the alleged inventions," or that the Material Cited by the Inventors is "material prior art," also fail to meet Rule 9(b)'s heightened standard.[56]

Accordingly, in addition to Canon's outright failure to identify the "who," Canon's allegations are further fatal under *Wal-Mart* because they fail to identify the "what," "where," "why," and "how" of the material omissions.[57]  Even beyond that, these pleadings also fail to sufficiently allege underlying facts from which the Court may reasonably infer that (1) a specific individual knew of the withheld material, and (2) withheld or misrepresented this information with a specific intent to deceive.[58]

For example, Canon claims that the Applicants committed inequitable conduct by failing to reference the Material Cited by the Authors.[59]  Canon claims that Applicants "were aware of" these prior art references "as evidenced by their citation to those references in articles authored by the inventors, such as" the Material Authored by the Inventors.[60]  But, as the Federal Circuit noted in *Wal-Mart*, "[a] reference may be many pages long, and its various teachings may be relevant to different applications for different reasons.  Thus, one cannot assume that

---

[55] *See Wal-Mart*, 575 F.3d at 1329-30; *see also* 37 C.F.R § 1.56(b)(1).
[56] *See Wal-Mart*, 575 F.3d at 1329-30; Answer at ¶¶ 87-88, Counterclaim at ¶¶ 179-80.
[57] As noted in Wal-Mart, failure to adequately specify the "who," "what," "where," "when," and "why" is fatal under Rule 9(b).  *See Wal-Mart*, 575 F.3d at 1330.
[58] *See id.* at 1328-29.
[59] *See* Answer at ¶¶ 88-93; Counterclaim at ¶¶ 180-85.
[60] *See* Answer at ¶ 88; Counterclaim at ¶ 180.

an individual, who generally knew that a reference existed, also knew of the specific material *information* contained in that reference."[61]  The same is true here.  Canon's allegations provide no factual basis to infer that any specific "Applicant" knew of the precise information in the Material Cited by the Inventors that was purportedly relevant to the patentability of any claim of the Parent Patents or the Patents-in-Suit.[62]

Canon's allegation as to the Material Authored by the Inventors also fails. Canon claims that, "[o]n information and belief," the Applicants failed to cite either the Material Authored by the Inventors or the Material Cited by the Inventors "with the "intent to deceive" the Patent Office.[63]  However, *Wal-Mart* instructs that deceptive intent cannot be pleaded solely "on information and belief" unless the "pleading sets forth the specific facts upon which the belief is reasonably based."[64] Here, Canon fails to provide either the precise "information" upon which Canon relies, or any plausible reason for Canon's purported "belief" that any of the Applicants withheld these references "with the intent to deceive."

Thus, Canon's allegations that the Parent Patents and/or the Patents-in-Suit are unenforceable because the "Applicants" failed to cite "material" prior wholly

---

[61] *Wal-Mart*, 575 F.3d at 1330 (citing *FMC Corp.,* 835 F.2d at 1415 (requiring actual knowledge of the existence of the *information* alleged to be material; discussing "should have known" standard in connection with the information's *materiality* )) (emphasis in original); *see also Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.,* 267 F.3d 1370, 1382 (Fed. Cir. 2001) ("The mere possibility that material information may exist will not suffice to give rise to a duty to inquire; sufficient information must be presented to the attorney to suggest the existence of specific *information[,]* the *materiality* of which may be ascertained with reasonable inquiry." (emphasis added)); *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 725 F.2d 1350, 1362 (Fed. Cir. 1984) ("Nor does an applicant for patent, who has no duty to conduct a prior art search, have an obligation to disclose any art of which, in the [district] court's words, he 'reasonably should be aware.'").
[62] *Wal-Mart*, 575 F.3d at 1328-29.
[63] Answer at ¶ 89, Counterclaim at ¶ 181.
[64] *See Wal-Mart*, 575 F.3d at 1330-31.

Shore Chan Bragalone LLP
*attorneys at law*

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

1  fail to meet Rule 9(b)'s heighted pleading standard articulated in *Wal-Mart*.[65]

2  ### b.    Prior Litigation Involving the '126 Patent.

3      Canon claims that the '068 patent, the '842 patent, the '235 patent, the '617

4  patent, the '166 patent, the '326 patent, the '059 patent, the '838 patent, and the '122

5  patent are unenforceable because the Applicants failed to cite to the Patent Office

6  the existence of: (1) an October 13, 2000, declaratory judgment action against

7  Caltech for non-infringement and invalidity of the '126 patent ("October 2000

8  Litigation");[66] and (2) Caltech's February 2001 action before the U.S. International

9  Trade Commission in which it sought "an exclusionary order pertaining to products

10  alleged to infringe the '126 patent, '506 patent and a third patent . . . ." (the "ITC

11  Action").[67]

12      Canon states that, during the October 2000 Litigation, Caltech briefed its

13  position on several of the '126 patent's claim terms, which also are, "in whole or in

14  part, claim terms in the '068 patent, the '842 patent, the '235 patent, the '617 patent,

15  the '166 patent, the '326 patent, the '059 patent, the '838 patent, and the '122

16  patent."[68]  The October 2000 Litigation ultimately settled and was dismissed with

17  prejudice.[69]  During the ITC Action, a proposed respondent alleged inequitable

18  conduct of the '506 patent.[70]

19      According to Canon, during the pendency of both prior litigations, patent

20  applications that issued as the '842 patent, the '235 patent, the '326 patent, the '617

21  patent, the '838 patent, and the '122 patent were pending before the Patent Office,

22  and patent applications that issued as the '068 patent, the '166 patent, and the '059

23

24

---

25  [65] *See id.* at 1330.

26  [66] Answer at ¶ 103; Counterclaim at ¶ 195.
     [67] Answer at ¶ 104; Counterclaim at ¶ 196.

27  [68] Answer at ¶ 103; Counterclaim at ¶ 195.
     [69] Answer at ¶ 103; Counterclaim at ¶ 195.

28  [70] Answer at ¶ 104; Counterclaim at ¶ 196.

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

1   patent were filed after the conclusion of both cases.[71]  Canon alleges that disclosure

2   of these two instances of prior litigation "would have been material to the

3   examination" of these Patents-in-Suit.[72]

4        To the extent Canon alleges that Caltech previously briefed its position on

5   certain claim terms of the '126 patent during the October 2000 Litigation, Canon

6   fails to explain both "why" the purportedly withheld information is material and not

7   cumulative, and "how" an examiner would have used this information during the

8   prosecution of the Patents-in-Suit.[73]  Canon's allegation that one of the respondents

9   in the ITC Action alleged inequitable conduct of the '506 patent is similarly

10  deficient because, among other things, Canon fails to specify upon what grounds

11  any inequitable conduct was alleged, or whether or not those allegations were

12  meritorious.[74]

13       In both cases, Canon fails to identify the requisite "what" and the "where"

14  because neither allegation specifies:  (1) which claims, and (2) which limitations in

15  those claims, the material relating to the past litigations are relevant to, and (3)

16  where in those references the material information is found.[75]  Putting aside the

17  factual deficiencies in these allegations (which alone render these pleadings

18  altogether insufficient under Rule 9(b)), these pleadings fail to allege facts to infer

19  that a specific individual acted with the requisite level of scienter.[76]  As such, these

20  allegations are wholly insufficient under *Wal-Mart* and fail to meet Rule 9(b)'s

21  heighted pleading standard.[77]

22

23

24  [71] Answer at ¶ 105; Counterclaim at ¶ 197.
    [72] Answer at ¶¶ 106-07; Counterclaim at ¶¶ 198-99.
25  [73] *See Wal-Mart*, 575 F.3d at 1329-30.
    [74] Answer at ¶¶ 106-07; Counterclaim at ¶¶ 198-99.
26  [75] *See Wal-Mart*, 575 F.3d at 1329; *see also Regents of Univ. of Cal.,* 119 F.3d at
27  1570; 37 C.F.R. § 1.56(a).
    [76] *See Wal-Mart*, 575 F.3d at 1330.
28  [77] *See id.* at 1329-30.

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

1     **c.**  **Alleged Affirmative Misrepresentations to the USPTO.**

2       **i.**   **The Sabrina Kemeny Declaration (the '515 Patent and**

3          **the '232 Patent).**

4   Canon asserts that, during the prosecution of the '515 patent, named co-

5 inventor Sabrina Kemeny executed a "false and misleading" declaration that

6 distinguished the invention disclosed in the '515 patent from prior art, stating that

7 the invention had one read-out circuit per photogate.[78] Canon alleges that this is

8 "false and misleading" because prior to the time of the declaration, Kemeny and/or

9 other co-inventors were allegedly aware of four prior art articles "teaching one read-

10 out circuit for each pixel," including: (1) the 1994 Mendis Article; (2) the Fossum

11 Dinosaur Article; (3) the Kemeny Focal-Plane Article; and (4) the Fossum

12 Architecture Article.[79]

13   According to Canon, the 1994 Mendis Article, which lists Kemeny and '515

14 patent co-inventor Fossum as authors, "defines an active pixel sensor as 'an image

15 sensor technology that has one or more active transistors within the pixel unit

16 cell.'"[80] The 1994 Mendis Article also "cites to at least five references . . . that

17 disclose such a structure and that qualify as prior art to the '515 patent application

18 and the Patents-in-Suit."[81] The Fossum Dinosaur Article, authored by co-inventor

19 Fossum, "similarly identifies numerous prior art references in its 'State-Of-The-Art'

20 section disclosing active pixel sensors having one readout circuit per pixel."[82]

21   Canon further claims that the Kemeny Focal-Plane Article, which also lists

22 Mendis and Fossum as authors, (1) "describes research into incorporating image

23 processing into CCD image sensors" and (2) "provides experimental results

24 obtained with imaging devices made by the group and cites to the 1989 Fossum

25              

26 [78] Answer at ¶¶ 63-74; Counterclaim at ¶¶ 155-66.

[79] Answer at ¶¶ 65-69; Counterclaim at ¶¶ 157-61.

27 [80] Answer at ¶ 66; Counterclaim at ¶ 158.

[81] Answer at ¶ 66; Counterclaim at ¶ 158.

28 [82] Answer at ¶ 67; Counterclaim at ¶ 159.

Architecture Article."[83]  Moreover, the 1989 Fossum Architecture Article "describes the use of a CCD/CMOS process, the combination of a photoreceptor and processing element in a combined pixel unit cell and that the processing element can include buffer/amplifier functions for the pixel unit cell or more sophisticated functions."[84]

According to Canon, Applicants relied upon the Kemeny Declaration, through an October 11, 1994 Amendment, "to argue for the patentability of the then pending '515 patent application claims."[85]  Canon states, "[o]n information and belief, the Applicants committed inequitable conduct by submitting and relying on the false and misleading Kemeny [Declaration] . . . with an intent to deceive the USPTO in order to obtain the issuance of the '515 patent."[86]

Similarly, Canon claims that Applicants relied upon the Kemeny Declaration, through a November 16, 1995 Amendment, "to argue for the patentability of the then pending '232 patent application claims."[87]  Thus, "[o]n information and belief, the Applicants committed inequitable conduct by submitting and relying on the false and misleading Kemeny [Declaration] . . . with an intent to deceive the Patent Office in order to obtain the issuance of the '232 patent."[88]

In addition to failing to adequately explain the "who," as set forth above, nowhere in these pleadings does Canon specify that the purportedly "false" portion of the Kemeny declaration was even relied upon by either the Applicants or the Examiner during the prosecution of the '515 patent or the '232 patent.  In other words, these allegations do not identify "where" in the declaration the allegedly

---

[83] Answer at ¶ 68; Counterclaim at ¶ 160.
[84] Answer at ¶ 69; Counterclaim at ¶ 161.
[85] Answer at ¶ 71; Counterclaim at ¶ 163.
[86] Answer at ¶ 72; Counterclaim at ¶ 164.
[87] Answer at ¶ 73; Counterclaim at ¶ 165.
[88] Answer at ¶ 74; Counterclaim at ¶ 166.

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

1  "false" portion is—much less "how" that information was relied upon.[89]  Canon

2  further fails to explain "why" the allegedly "false" declaration is material and not

3  cumulative.[90]

4      Moreover, Canon's allegations fail to give rise to a reasonable inference that

5  either: (1) any of the "Applicants," other than Kemeny, had knowledge of the

6  purportedly "false" information; or (2) any of the "Applicants" had the requisite

7  specific intent to deceive the Patent Office.[91]  Canon's allegation that, "[o]n

8  information and belief," the Applicants relied on the declaration "with the "intent to

9  deceive" the Patent Office[92] is deficient because, as discussed, deceptive intent

10  cannot be pleaded solely "on information and belief" unless the "pleading sets forth

11  the specific facts upon which the belief is reasonably based," which, in this case, it

12  does not.[93]

13      As such, these pleadings do not set forth the sufficient level of particularity

14  and detail required under *Wal-Mart*.  Therefore, Canon's allegations that the '515

15  patent and the '232 patents are unenforceable because the Applicants relied upon the

16  Kemeny declaration fail because they do not satisfy Rule 9(b)'s heightened pleading

17  standard.[94]

18          ii.      **Misleading Claim to Priority (the '126 Patent).**

19      Canon states that, in response to an amendment dated January 28, 1998, the

20  Applicants argued that claim 1 of the '126 patent was entitled to the benefit of the

21  '515 patent's filing date because, among other things, "the parent includes a

22  _____

23  [89] *See Wal-Mart*, 575 F.3d at 1329.
    [90] *See id.; see also Larson Mfg. Co. v. Aluminart Prods. Ltd.,* 559 F.3d 1317, 1333

24  (Fed. Cir. 2009) (finding information cumulative to art of record that taught the
    "same combination" of claim limitations taught in withheld reference); 37 C.F.R §

25  1.56(b)(1) (information is material if it "establishes, by itself or in combination with
    other information, a *prima facie* case of unpatentability of a claim").

26  [91] *See Wal-Mart*, 575 F.3d at 1329; *see also See Brasseler,* 267 F.3d at 1382.
    [92] Answer at ¶ 72, Counterclaim at ¶ 164.

27  [93] *See Wal-Mart*, 575 F.3d at 1330-31.

28  [94] *See* FED.R.CIV.P. 9(b); *see also Wal-Mart*, 575 F.3d at 1329.

substrate having an array of pixels and a control area."[95]   Canon also alleges, however, that "the '515 patent does not disclose (1) a timing element; (2) a control area outside of the pixel area, or (3) that the readout circuitry is a 'control area."[96] Thus, Canon claims, "the Applicants committed inequitable conduct by making these statements with intent to deceive the Patent Office as to the correct priority date for the claims of the '126 patent . . . and, thereby avoid invalidating prior art."[97]

Initially, Canon fails to allege any facts to establish that the Applicants' amendment is even misleading. First, Canon specifies only that the amendment states: "[t]he timing element is that which controls, e.g., the integration period."[98] Unlike other portions of the amendment, this statement makes no reference to the '515 patent, and there is no other indication that that the Applicants even were referring to the '515 patent when they made that statement. Second, the amendment specifies that the '515 patent disclosed a control area that *includes* a readout circuit, and that the circuitry "in the control area is CMOS . . . and the pixel area is compatible with CMOS."[99]   Contrary to Canon's allegations, the amendment does not indicate how the Applicants misrepresented that the '515 patent disclosed a readout circuitry that *is* a control area, or that the control area was *outside* of the pixel area.

Notwithstanding this, even if the statements in the amendment could be construed as misleading, Canon fails to specify "how" the Examiner would have used this information in assessing the patentability of the claims of the '126 patent, and "why" this information is material and not cumulative.[100]   Thus, Canon has not

---

[95] Answer at ¶ 77; Counterclaim at ¶ 169.
[96] Answer at ¶ 78; Counterclaim at ¶ 170.
[97] Answer at ¶ 81; Counterclaim at ¶ 173.
[98] *See* Answer at ¶ 77, Counterclaim at ¶ 169.
[99] *See* Answer at ¶ 77, Counterclaim at ¶ 169.
[100] *See Wal-Mart*, 575 F.3d at 1329-30.

1    set forth the particularized factual basis for this allegation.[101]  Neither the Court nor

2    Caltech should be required to infer facts that are required to be pled with

3    particularity.[102]   Without as much, this allegation fails to meet Rule 9(b)'s

4    heightened pleading standard as articulated in *Wal-Mart*.[103]

5        Putting aside this fatal flaw, these allegations are further deficient because

6    they do not give rise to a reasonable inference of scienter.[104]  Specifically, no facts

7    are alleged that any specific "Applicant" had both:  (1) knowledge that the '126

8    patent's amendment was purportedly inaccurate; or (2) the specific intent to deceive

9    the USPTO in order to claim the '515 patent's file date.  Thus, Canon fails to allege

10   facts necessary to infer that a specific individual acted with the requisite scienter.

11   As such, the allegations fail under *Wal-Mart*.[105]

12            **iii.    Misleading Claim to Priority (the '506 Patent and the**

13                      **'483 Patent).**

14       Canon claims that, on February 19, 1999, in response to a Patent Office

15   rejection, "Applicants" admitted that prior art references taught the '506 patent's

16   features of an active pixel sensor array and a color filter, "but argued that there was

17   not (sic) motivation to combine those features."[106]  However, a 1993 article authored

18   by Eric Fossum, a co-inventor of the '506 patent,[107] "expressly discusses a prior art

19   reference that discloses an active pixel sensor with a color filter array."[108]  Thus,

20   Canon claims, "[o]n information and belief, . . . Applicants committed inequitable

21   conduct in attempting to obtain allowance of the '506 patent by stating to the

22   USPTO with intent to deceive that there was no motivation to combine active pixel

23

---

24   [101] *See id.* at 1329.
     [102] *See Ferguson Beauregard/Logic Controls*, 350 F.3d at 1344.
25   [103] *See Wal-Mart*, 575 F.3d at 1326-27.
     [104] *See id.* at 1328-30.
26   [105] *See id.*
     [106] Answer at ¶¶ 82-85; Counterclaim at ¶¶ 174-77.
27   [107] *See* Dkt. No. 90, Exhibit C (the Fossum Dinosaurs article).
     [108] Answer at ¶ 84; Counterclaim at ¶ 176.
28

Shore Chan Bragalone LLP
*attorneys at law*

20

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

1   sensors with color filter arrays."[109]

2       Canon further claims that the "Applicants intentionally made false statements
3   and misleadingly argued that Mandl (prior art cited in an obviousness rejection of
4   the then pending claims 1-4, 6-7, 12-13, 6-17, and 21) did not constitute prior art"
5   because it was filed after the priority date of the parent application that became the
6   '515 patent.[110]   However, Canon claims, Mandl could not be predated because the
7   '483 patent's then pending claims 1-4, 6-7, 12-13, 6-17, and 21 "lacked support" in
8   the '515 patent and thus were not entitled to the '515 patent's filing date as a priority
9   date.[111]   As a result, Canon asserts, "the Applicants committed inequitable conduct
10  by making these statements with intent to deceive the USPTO as to the correct
11  priority date for the claims of the . . . '483 patent . . . , thereby avoid invalidating
12  prior art."[112]

13      Neither of these allegations, which Canon specifies are supported *only* "upon
14  information and belief," meets the standard articulated in *Wal-Mart*.  For example,
15  Canon fails to provide either the precise "information" upon which Canon relies, or
16  any plausible reasons for Canon's purported "belief" that any of the Applicants
17  made any "misleading arguments" with the requisite intent to deceive.  Thus, these
18  allegations do not meet the Rule 9(b) heighted pleading standard articulated in *Wal-*
19  *Mart*.[113]

20      **3.**         **Infectious Unenforceability.**

21      According to Canon, the '842 patent, the '068 patent, the '235 patent, the
22  '166 patent, the '617 patent, the '326 patent, the '838 patent, the '059 patent, and the
23  '483 patent are unenforceable based on the doctrine of infectious unenforceability
24  because the "Applicants breached their duty of candor and good faith in dealing

25  _____
26  [109] Answer at ¶ 85; Counterclaim at ¶ 177.
    [110] Answer at ¶ 79; Counterclaim at ¶ 171.
27  [111] Answer at ¶ 80; Counterclaim at ¶ 172.
    [112] Answer at ¶ 81; Counterclaim at ¶ 173.
28  [113] *See Wal-Mart*, 575 F.3d at 1329-30.

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

1   with the Patent Office . . . [during prosecution of] parent applications to those
2   patents."[114]

3       Specifically, Canon claims, the '842 patent and the '068 patent are
4   unenforceable because they "bear an immediate and necessary relation to the
5   inequitable conduct" insofar as they did not face their own substantive rejections
6   over prior art and were, instead, rejected because they were not patentably distinct
7   from the claims of the '232 patent and the '842 patent.[115]  Canon further claims that
8   the "Applicants' inequitable conduct" with respect to the '235 patent, the '126
9   patent, the '232 patent, and the '515 patent renders the '235 patent, the '166 patent,
10  the '617 patent, and the '326 patent unenforceable because the Patents-in-Suit "bear
11  an immediate and necessary relation to the inequitable conduct."[116]  Finally, Canon
12  claims that "Applicants'" inequitable conduct with respect to the '515 patent, the
13  '232 patent, the '768 patent, and the '503 patent . . . renders the '838 patent, the
14  '059 patent, and the '483 patent unenforceable based upon infectious
15  unenforceability because the Parent Patents "bear an immediate and necessary
16  relation to the inequitable conduct."[117]

17      As discussed, Canon has failed to allege a claim or defense of inequitable
18  conduct with respect to any of the Patents-in-Suit, much less the Parent Patents.
19  Thus, Canon's allegations of infectious unenforceability of the '842 patent, the '068
20  patent, the '235 patent, the '166 patent, the '617 patent, the '326 patent, the '838
21  patent, the '059 patent, and the '483 patent, which Canon claims, "bear an
22  immediate and necessary relation to the inequitable conduct" alleged in the
23  respective Parent Patents, also fail.[118]

24

25  _____

26  [114] Answer at ¶¶ 108-11; Counterclaim at ¶¶ 200-03.
    [115] Answer at ¶ 109; Counterclaim at ¶¶ 201.
27  [116] Answer at ¶ 110; Counterclaim at ¶¶ 202.
    [117] Answer at ¶ 111; Counterclaim at ¶¶ 203.
28  [118] Answer at ¶¶ 108-11, Counterclaim at ¶¶ 200-03.

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

## C.    Canon's Insufficiently-Pled Affirmative Inequitable Conduct Defenses Must be Stricken.

Failure to state a legal defense to a claim may be raised by a motion under Rule 12(c), but the Court may treat the Rule 12(c) motion as a motion to strike, pursuant to Rule 12(f).[119]  To the extent a pleading is insufficient; the Court may strike that pleading.[120]  As with claims, the defense of inequitable conduct falls within the strictures of Rule 9(b).[121]  A pleading that fails to comply with Rule 9's heightened pleading requirements does not provide Plaintiff with "fair notice" of that defense.[122]

As set forth above, Canon has pled affirmative defenses of inequitable conduct that are wholly insufficient under the standard set forth in *Wal-Mart*. Canon has refused to amend those pleadings.  Thus, to avoid the expenditure of time and money that must arise from litigating the insufficiently-pled issues, Caltech respectfully requests that the Court strike Canon U.S.A., Inc.'s and Canon, Inc.'s third affirmative defense.[123]

---

[119] Fed.R.Civ.P. 12(h)(2)(B); *see also* FED.R.CIV.P. 12(c).  *See Kelly v. Echols*, No. Civ-F-05-118, 2008 WL 619073, at *1-2 (E.D. Cal. Mar. 4, 2008) (treating a Rule 12(c) motion that challenged a claim to damages as a motion to strike, pursuant to Rule 12(f)); *see also* FED.R.CIV.P. 12(f)(2) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter… on its own").

[120] FED.R.CIV.P. 12(f); *see also Signey-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial …").

[121] *See Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (affirming district court's order striking insufficiently-pled inequitable conduct defense).

[122] *Smith v. Wal-Mart Stores*, No. C 06-2069, 2006 WL 2711468, at *7 (N.D. Cal. Sept. 20, 2006) (granting motion to strike affirmative defense that did not meet the heightened pleading requirements in FED.R.CIV.P. 9(c)).

[123] *See* FED.R.CIV.P. 12(c); FED.R.CIV.P. 12(f); *see also Signey-Vinson*, 697 F.2d at 885.

Shore Chan Bragalone LLP
*attorneys at law*

23

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

**D.    Canon U.S.A., Inc.'s Insufficiently Pled Counterclaim Must be Dismissed.**

When Rule 12(c) is used to raise a defense for failure to state a claim, "the motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6)."[124]  In general, to avoid a Rule 12(b)(6) motion to dismiss, a complaint need not contain detailed factual allegations; rather, factual allegations "must be enough to raise a right to relief above the speculative level."[125]  However, allegations of inequitable conduct further must meet the particularity requirements of Rule 9(b) as set forth above in *Wal-Mart*.[126]

As discussed, under the standard set forth in *Wal-Mart*, for multiple reasons, Canon U.S.A., Inc. has insufficiently pled a counterclaim for declaratory judgment of unenforceability based upon inequitable conduct.  Canon U.S.A., Inc. has refused to move to amend its counterclaim.  Thus, Caltech respectfully requests the Court to dismiss Canon U.S.A., Inc.'s third counterclaim.[127]

## IV.    CONCLUSION

For the reasons stated above, Caltech respectfully requests that the Court grant the instant motion in its entirety and strike Canon U.S.A., Inc.'s and Canon, Inc.'s fourth affirmative defense (Dkt. No. 90, Answer at ¶¶ 57-111), and dismiss Canon U.S.A., Inc.'s third counterclaim – declaratory judgment of unenforceability

---

[124] *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (noting that, Rules 12(c) and 12(h)(2) together constitute a qualification of Rule 12(b)(6)); *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (affirming dismissal of claims, pursuant to Rule 12(c)); *Ontiveros v. Zamora*, No.CIV. S-08-567 LKK/DAD, 2009 WL 425962, at *1 (E.D. Cal. Feb. 20, 2009) (stating "[w]hen a Rule 12(c) motion is used to raise the defense of failure to state a claim, the motion is subject to the same test as a motion under Rule 12(b)(6)").

[125] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

[126] *See Wal-Mart*, 575 F.3d at 1326-27.

[127] *See* FED.R.CIV.P. 12(c), 12(h)(2)(B), 12(b)(6).

Shore Chan Bragalone LLP
*attorneys at law*

24

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS

1 (Dkt. No. 90, Counterclaim ¶¶ 148-215).

2

3

4 Dated:  October 16, 2009            Respectfully submitted,

5                                    */s/ Joseph F. DePumpo*
                                     Michael W. Shore (*pro hac vice*)
6                                    Joseph F. DePumpo (*pro hac vice*)
7                                    Glenn E. Janik (*pro hac vice*)
                                     Justin B. Kimble (*pro hac vice*)
8                                    Patrick A. Traister (*pro hac vice*)
9                                    SHORE CHAN BRAGALONE LLP
                                     Bank of America Plaza
10                                   901 Main Street, Suite 3300
                                     Dallas, Texas 75202
11                                   214-593-9110 Telephone
                                     214-593-9111 Facsimile
12                                   shore@shorechan.com
13                                   jdepumpo@shorechan.com
                                     gjanik@shorechan.com
14                                   jkimble@shorechan.com
                                     ptraister@shorechan.com
15

16                                   Ronald Oines (SB No. 145016)
                                     RUTAN & TUCKER LLP
17                                   611 Anton Boulevard, Suite 1400
                                     Costa Mesa, California 92626-1931
18                                   Telephone:  (714) 641-5100
                                     Facsimile:   (714) 546-9035
19                                   roines@rutan.com

20
                                     Attorneys for Plaintiff
21                                   CALIFORNIA INSTITUTE OF TECHNOLOGY

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE
AND/OR DISMISS DEFENDANTS' INSUFFICIENTLY PLED
INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS